UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

SUBHEN GHOSH,                               )
                                            )
          Plaintiff,                        )
    vs.                                     )      1:07-cv-1007-SEB-DML
                                            )
DEBRA DUBENETZKY, et al.,                   )
                                            )
          Defendants.                       )

# E N T R Y

The court has before it the plaintiff's motion for substitution of Judge or in the alternative motion to withdraw complaint. For the reasons which follow, that motion (dkt. 31) is **denied.**

## I.

Under 28 U.S.C. § 455(a), which is the statutory basis invoked by the plaintiff for his motion, a federal judge must disqualify herself "in any proceeding in which his impartiality might reasonably be questioned." *Matter of Hatcher,* 150 F.3d 631, 637 (7th Cir. 1998). "The standard in any case for a § 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *Id.* In *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996), the court stated that § 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry."  (citations omitted.)

The plaintiff's motion for substitution of judge is a brief statement of his own perspective that he will be the victim of discrimination in this lawsuit as well as– according to him–in other settings. There is no extrajudicial source whereby he argues that recusal is warranted. The plaintiff, who is not an attorney, has sought to conduct this litigation on his terms rather than in accord with the *Federal Rules of Civil Procedure* and the court's orders,  and ascribes every real or imagined difficulty he has had with that effort to judicial bias.

To prevail on a request for recusal, the facts alleged must be sufficiently definite and particular to convince a reasonable person that bias exists. The plaintiff has not presented or alleged facts suggestive of bias in any form. He relates simply his view of bias on the part of others–first his employer, and now the court itself. This form of information will not support the request he makes. Conclusions, opinions, or rumors are not sufficient. *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (citing *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985)). A decision adverse to a party--even one adverse on all of the issues raised--is not evidence of bias where that decision is supported by the law and facts, as is the case here. See *Gleason v. Welborn,* 42 F.3d 1107, 1112 (7th Cir. 1994).

There is a general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin,* 421 U.S. 35, 47 (1975). It has been held, not surprisingly, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994). Such rulings are proper grounds for appeal, not for recusal. *Id.*; *McLaughlin v. Union Oil Co. of Calif.*, 869 F.2d 1039, 1047 (7th Cir. 1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be"); *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988) ("It is simply not enough to voice disagreement with previous rulings by [the judge] . . . [n]or is it enough to complain that [the judge] did not expressly consider some of appellant's motions").

The matters asserted by the plaintiff would not demonstrate to a reasonable observer the existence of "a significant risk that the judge will resolve the case on a basis other than the merits." *Hook,* 89 F.3d at 354. "It is simply not enough to voice disagreement with previous rulings by [the judge] . . . [n]or is it enough to complain that [the judge] did not expressly consider some of appellant's motions." *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988). Rather, a judge's bias must "arise from an extrajudicial source." *Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001).

A "district judge . . . is obligated not to recuse [herself] without reason just as [s]he is obligated to recuse [herself] when there is reason." *New York City Development Corp. v. Hart,* 796 F.2d 976, 981 (7th Cir. 1986). Because the circumstances recited by the plaintiff in support of his motion for substitution of judge do not show or suggest that the impartiality of the undersigned might reasonably be questioned, and hence because no showing of bias has been made, that motion (dkt 31) is **denied.**

## II.

The plaintiff proceeds, in that same motion, to seek the dismissal of this action without prejudice in the event his request for substitution of judge is not granted. That motion is also **denied**, because the defendants have appeared in the action, because the action has been on the docket for a substantial period of time, because a motion to dismiss the complaint as legally insufficient has been filed and is fully briefed, and because the dismissal of the action under the terms the plaintiff suggests would likely cause a subsequent action to be dismissed as untimely, *Elmore v. Henderson,* 227 F.3d 1009,

1011 (7th Cir. 2000)("if the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing"). The prejudice to the defendants with the course of action the plaintiff proposes, together with the investment of resources the court has already made in this case, dictate that the case either proceed as configured or that the parties offer a resolution which would preclude an effort to re-file it.

**IT IS SO ORDERED.**

Date: 01/05/2009

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Subhen Ghosh, 16 Whisperwood Ct., Brownsburg, IN 46112
Betsy.Isenberg@atg.in.gov